1  John P. Pringle, SBN 072300
   Toan B. Chung, SBN 276505
2  **ROQUEMORE, PRINGLE & MOORE, INC.**
   6055 E. Washington Blvd., Suite 500
3  Los Angeles, CA 90040-2466
4  Tel No. (323) 724-3117
   Fax No. (323) 724-5410
5  tbchung@rpmlaw.com

6  Attorneys for Plaintiff Charles W. Daff,
   Chapter 7 Trustee

7

8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

11

12  | In re | Case No. 6:16-bk-14802-WJ |
13  | LINDA N. MONTES, | Adv No. |
14  | Debtor. | Chapter 7 |
15

16  | CHARLES W. DAFF, CHAPTER 7 BANKRUPTCY TRUSTEE of Linda N. Montes, | **COMPLAINT TO (1) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTORS AND (2) FOR TURNOVER OF ESTATE'S PROPERTY** |
17
18  | Plaintiff, | **[11 U.S.C. § 363(h); 11 U.S.C. § 542]** |
19  | vs. |
20  LINDA N. MONTES, individually and in her
    capacity as successor co-trustee of the
21  Gonzalez Family Trust dated August 23, 1991;
    ALICIA A. VALDEZ, individually and in her
22  capacity as successor co-trustee of the
    Gonzalez Family Trust dated August 23, 1991;
23  DELIA E. MODEROW, individually and in
    her capacity as successor co-trustee of the
24  Gonzalez Family Trust dated August 23, 1991;
    LILLIA G. BROWN, an individual; and
25  STEPHEN E. GONZALEZ, an individual,
26

27              Defendants.
28

Date:    [To Be Set]
Time:    [To Be Set]
Place:   United States Bankruptcy Court
         Courtroom 304
         3420 Twelfth Street
         Riverside, CA 92501

**TO THE ABOVE-CAPTIONED DEFENDANTS:**

Charles W. Daff, (the "Trustee" or "Plaintiff"), the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Linda N. Montes, hereby complains against the above-captioned Defendants as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(a) and § 157(b)(2)(A), (N) and (O).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant adversary proceeding is related to a case under Title 11 of the U.S. Code which is still pending.

2.  Plaintiff Charles W. Daff (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Case, Central District of California, Riverside Division which is styled In re Linda N. Montes, Case No. 6:16-bk-14802-WJ (Bankr. C.D. Cal. 2016) (the "Bankruptcy Case").

3.  Linda N. Montes (the "Debtor" or "Defendant") initiated this Bankruptcy Case under Title 11 of the U.S. Code by filing a Voluntary Chapter 7 Petition on May 27, 2016 (the "Petition Date").

4.  Alicia A. Valdez, Lillia G. Brown, Delia E. Moderow, and Stephen E. Gonzalez (the "Remaining Defendants") are individuals residing within the jurisdiction of this Court.  The Remaining Defendants are the Debtor's siblings.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5.  The instant complaint (the "Complaint") against the Defendants initiates an

1  Adversary Proceeding in which the Plaintiff is seeking to sell for the benefit of creditors the

2  parcels of real property commonly known as 16009 Las Vecinas Drive, La Puente, CA 91744,

3  APN No. 8247-005-010 (the "Las Vecinas Property") and 662 N. Sunset Ave., La Puente, CA

4  91744, APN No. 8212-003-014 (the "Sunset Property") (collectively, the "Real Properties").

5
6          6.      On or about August 23, 1991, David A. Gonzalez and Elisa E. Gonzalez,

7  husband and wife, as settlors, created the Gonzalez Family Trust dated August 23, 1991 (the

8  "Trust") and named themselves as trustees of the Trust.  They listed their children as follows:

9          ALICIA A. VALDEZ

10         LILLIA G. BROWN

11         DELIA E. MODEROW

12         DAVID E. GONZALEZ

13         LINDA N. MONTES

14         STEPHEN E. GONZALEZ

15
16         7.      A true and correct copy of the Trust reflecting same is attached hereto

17  incorporated herein as **Exhibit "1"**.

18         8.      According to a Quitclaim Deed dated August 23, 1991 and recorded on

19  August 30, 1991 in the Official Records of the Recorder's Office of Los Angeles County,

20  California as Instrument No. 91-1374285, David A. Gonzalez and Elisa E. Gonzalez, husband and

21  wife, transferred the Las Vecinas Property to "David A. Gonzalez or Elisa E. Gonzalez, Trustees

22  of the Gonzalez Family Trust dated 8-23-91".  A true and correct copy of the Quitclaim Deed

23  reflecting same is attached hereto incorporated herein as **Exhibit "2"**.

24
25         9.      According to a Quitclaim Deed dated August 23, 1991 and recorded on

26  August 30, 1991 in the Official Records of the Recorder's Office of Los Angeles County,

27  California as Instrument No. 91-1374286, David A. Gonzalez and Elisa E. Gonzalez, husband and

28

wife, transferred the Sunset Property to "David A. Gonzalez or Elisa E. Gonzalez, Trustees of the Gonzalez Family Trust dated 8-23-91". A true and correct copy of the Quitclaim Deed reflecting same is attached hereto incorporated herein as **Exhibit "3"**.

10.    David A. Gonzalez passed away on or about August 29, 1994 leaving Elisa E. Gonzalez the sole surviving trustee and settlor. On or about August 17, 1999, Elisa E. Gonzalez amended the Trust to (1) "delete DAVID E. GONZALEZ and his issue as a beneficiary of this trust and direct the trustee to distribute the remaining trust estate in equal shares to the settlors' remaining children, ALICIA A. VALDEZ, LILLIA G. BROWN, DELIA E. MODEROW, LINDA N. MONTES and STEPHEN E. GONZALEZ, in equal shares, by rights of representation" and (2) appoint ALICIA A. VALDEZ, DELIA E. MODEROW and LINDA N. MONTES as successor co-trustees of the Trust. A true and correct copy of the amendment dated and notarized August 17, 1999 reflecting same is attached hereto incorporated herein as **Exhibit "4"**.

11.    Elisa E. Gonzalez passed away on or about February 6, 2006.

### FIRST CLAIM FOR RELIEF

### TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED,

### IN PART, BY NON-DEBTORS

### [11 U.S.C. § 363(h)]

12.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

13.    The Debtor has a 1/5 beneficiary interest in the Real Properties. Said interest is property of the Bankruptcy Estate. The Remaining Defendants have the remaining 4/5 beneficiary interest in the Real Properties.

14.    Partition of the Real Properties between the Estate and the Remaining Defendants is impracticable.

15.    The sale of the Estate's interest in the Real Properties would realize significantly less for the Estate than sale of the Real Properties free of the interests of the Remaining Defendants.

16.    The benefit to the Estate of a sale of the Real Properties free of the interests of the Remaining Defendants outweighs the detriment, if any, to the Remaining Defendants.

17.    The Real Properties are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

18.    By reason of the foregoing, the Plaintiff may sell the interest of the Remaining Defendants in the Real Properties pursuant to 11 U.S.C. § 363(h).

## SECOND CLAIM FOR RELIEF

### (TURNOVER OF ESTATE'S PROPERTY)

### [11 U.S.C. § 542]

19.    The Trustee realleges each and every allegation contained in paragraphs 1 through 18 of this Complaint and, by this reference, incorporates said allegations as though fully set forth fully herein.

20.    Under the Code, an entity in possession, custody or control of property of the Estate shall deliver to the Trustee, and account for, such property. See 11 U.S.C. § 542(a).

21.    The Defendants are in possession, custody or control of the Real Properties.

22.    By reason of the foregoing, the Trustee is entitled to turnover of the Real Properties from Defendants.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

1.    To obtain approval for the sale of the interests of the Estate and non-

1 | Debtors in the Real Properties pursuant to 11 U.S.C. § 363(h);

2 |          2.       For a judgment that the Defendants turnover the Real Properties to the

3 | Trustee or his agent(s) along with all key(s);

4 |          3.       For a judgment that the U.S. Marshal is authorized and directed to place the

5 |

6 | Trustee and his agent(s) in possession of the Real Properties by making a forced entry on the Real

7 | Properties.  The U.S. Marshal, its agents and employees shall be free from all liabilities and claims

8 | for damages and/or suits arising from same;

9 |          4.       For attorney's fees;

10 |          5.       For costs of suit incurred herein; and

11 |          6.       For such other and further relief as this Court deems just and proper.

12 |

13 |

14 |                                      Respectfully submitted,

15 |                                      **ROQUEMORE, PRINGLE & MOORE, INC.**

16 |

17 | DATED: November 9, 2016              By:
                                         John P. Pringle, Esq.
18 |                                      Toan B. Chung, Esq.
                                         Attorneys Plaintiff Charles W. Daff,
19 |                                      Chapter 7 Trustee

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Exhibit "1"

## TRUST OF DAVID A. GONZALEZ AND ELISA E. GONZALEZ

### ARTICLE 1
### DECLARATION OF TRUST

**1.1**
Trust Establishment:   DAVID A. GONZALEZ and ELISA E. GONZALEZ, husband and wife, as settlors, will deliver to the trustee without consideration that certain property described herein as the "Trust Estate." The term "settlor" refers to one or both settlors.

**1.2**
Trust Particulars:    For convenient reference, the following information applies:

| | | |
|---|---|---|
| Settlors | : | DAVID A. GONZALEZ |
| | | ELISA E. GONZALEZ |
| Name of trust | : | GONZALEZ FAMILY TRUST |
| Date established | : | AUGUST 23, 1991 |
| First trustee | : | DAVID A. GONZALES OR |
| | | ELISA E. GONZALEZ |
| 1st successor trustee: | | DAVID E. GONZALEZ, |
| | | ALICIA A. VALDEZ AND |
| | | DELIA E. MODEROW AS |
| | | CO-TRUSTEES |
| Federal I.D. number : | | 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A |
| | | 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B |
| Minor children living: | | NONE |
| Adult children living: | | ALICIA A. VALDEZ |
| | | LILLIA G. BROWN |
| | | DELIA E. MODEROW |
| | | DAVID E. GONZALEZ |
| | | LINDA N. MONTES |
| | | STEPHEN E. GONZALEZ |
| Deceased children | : | NONE |

**1.3**
The term "Trust Estate" includes all real and personal property in which ownership is formally documented and which has been transferred to the trust, as well as all personal property which has no formal documentation of ownership, together with any insurance on such property, as well as insurance on any other asset owned by the trust. We herewith transfer all personal property which has no formal documentation of ownership to this "Trust Estate". These assets, together with any property which may become subject to this declaration of trust, constitute the trust estate of this trust and shall be held, administered and distributed by the trustee as provided for in the trust. Trustor requests that any person dealing with the trustee recognize this assignment without further documentation.

7

**1.4**
Property Status - Community and Separate:  Any community property
transferred to the trust shall remain community property after its
transfer and shall be called the "community trust estate." Further,
the trustee shall have the power to convey, encumber, or otherwise
dispose of community property without the consent of either husband
or wife, whether or not each is then capable of giving such
consent.    Either settlor's separate property transferred to the
trust shall be called the "separate trust estate" with reference to
the contributing settlor.

**1.4.1**
Special "Children" Definition:  All references to the "settlors'
children," "settlors' descendants," or "settlors' child" include
all living children listed above and all children subsequently born
to the settlors while they are married to each other.

**1.5**
Allocation of Trust Estate:  The trustee shall initially allocate
the trust estate as follows:

Beneficiaries:  Trust During Settlors' Joint Lives

END OF ARTICLE

ARTICLE 2
TRUST DURING SETTLORS' JOINT LIVES

**2.1**
Introduction:  The trustee shall hold, administer, and distribute
all property allocated to the "Trust During Settlors' Lives" as
follows.

**2.2**
Beneficiaries - Both Spouses:    The beneficiaries of this trust
shall be as follows:

Income beneficiaries    :  Class composed of the settlors
for their joint lives

Principal beneficiaries:  Class composed of the
settlors for their joint lives

**2.3**
Community Income - Broad Standard:  The trustee shall pay to or for
the income beneficiary's benefit as much of the net income of the
community trust estate as necessary for the income beneficiary's
health, education, support, comfort, welfare, or happiness to
maintain at a minimum the income beneficiary's accustomed manner of
living.    The trustee shall add to principal any net income not so
distributed.

2

2.4
Community Principal - Broad Standard: If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

2.5
Separate Income - Broad Standard: The trustee shall pay to or for the benefit of an income beneficiary as much of the net income from the income beneficiary's separate trust estate as is necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

2.6
Separate Principal - Broad Standard: If the trustee considers the separate income insufficient, the trustee shall pay to or for the benefit of a principal beneficiary as much of the principal of the separate trust estate as the trustee considers reasonably necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

2.7
Beneficiary's Incapacity - Ascertainable Standard: If a court declares a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from the trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary's accustomed manner of living. The trustee shall make payments first from the community trust estate, then equally from the beneficiary's separate trust estates. The trustee shall add to principal any income not distributed.

2.8
Community Payments - Special Duty: The beneficiary receiving payments from the community trust estate shall have the same duty to use community income and principal allocations for the income and principal beneficiary's benefit as that beneficiary has with respect to any other community property.

2.9
Guidelines - Other Sources Considered: In making distributions, the trustee may (1) consider any other income or resources of a beneficiary known to the trustee and reasonably available; (2) pay

3

9

or apply for one beneficiary more than the other and may make payments or applications of benefits for one beneficiary to the exclusion of the other; and (3) consider the value of the trust assets, the relative needs, both present and future, of each beneficiary, and the tax consequences to the trust and to the beneficiaries.

**2.10**
Payments to Others: The settlors acting jointly may at any time direct the trustee in writing to pay single sums or periodic payments out of the community trust estate to any person or organization. The settlor who has contributed separate property may direct the trustee in writing to pay single sums or periodic payments out of that settlor's separate trust estate to any other person or organization. Additionally, a settlor's conservator upon appropriate court order may exercise this power for payments qualifying for the federal gift tax annual donee exclusion.

**2.11**
Revocation During Settlors' Lives: During the settlors' joint lives, either or both settlors may revoke from the trust the community trust estate in whole or in part by a written document delivered to the trustee that the trustee may require to be acknowledged. On revocation, the trustee shall promptly deliver to both settlors or their designee the revoked portion of the community trust estate, which shall continue as the settlors' community property. The trustee shall also provide an accounting of the trustee's acts for the period since the preceding accounting. Additionally, either settlor may revoke, in whole or in part, without the consent of the other, the separate trust estate contributed by the donor-settlor. If the settlors revoke this trust with respect to all or a major portion of the trust estate, then the trustee may retain sufficient assets reasonable to secure payment of liabilities lawfully incurred by the trustee in the administration of the trust, unless the settlors indemnify the trustee against losses or expenses.

**2.12**
Amendment During Settlors' Lives: The settlors acting together may at any time during their joint lives amend any of the terms of this trust by a written document delivered to the trustee. No amendment shall substantially increase the trustee's duties and liabilities or change the trustee's compensation without the trustee's consent. The trustee need not abide by the terms of the amendment until it is accepted. If the settlors remove a trustee, the settlors shall pay to the trustee any sums due and shall indemnify the trustee against liabilities lawfully incurred by the trustee in the administration of the trust.

4

10

2.13
Powers of Revocation and Amendment Personal: The settlors' powers to revoke or amend this trust are personal to them, and no guardian, conservator, or other person shall exercise them.

END OF ARTICLE

ARTICLE 3
TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

3.1
Action at First Spouse's Death: The first settlor to die shall be the "deceased spouse," and the living settlor, the "surviving spouse." At the death of the deceased spouse but before the trust assets are allocated as set forth below, the trustee shall make the following distributions:

3.2
Simultaneous Death – Presumption of Survival: If the settlors die under circumstances where no sufficient evidence exists that they died otherwise than simultaneously, then the trustee shall conclusively presume the following sequence of deaths:

> First :  DAVID A. GONZALEZ
> Second:  ELISA E. GONZALEZ

3.3
Deceased Spouse's Expenses and Taxes: The trustee may, in the trustee's reasonable discretion, pay from the trust estate the deceased spouse's debts, last illness and funeral costs, and expenses of administration for this trust and the deceased spouse's probate estate. The trustee may allocate the payment of the deceased spouse's debts to the deceased spouse's interest in the community trust estate and the deceased spouse's separate trust estate as the trustee determines in the trustee's reasonable discretion. However, the trustee shall further allocate community debts between the deceased spouse's and surviving spouse's interests in the trust estate according to California law in effect at the deceased spouse's date of death.

3.4
Allocation of Surviving Spouse's Property – Surviving Spouse's Trust: At the deceased spouse's death, the trustee shall allocate the surviving spouse's interest in the community trust estate and the surviving spouse's separate trust estate to the Surviving Spouse's Trust.

3.5
Allocation of Deceased Spouse's Property – Further Trusts: The trustee shall allocate the remainder of the deceased spouse's interest in the community trust estate and the deceased spouse's

5

11

separate trust estate to the following trusts: The surviving
spouse's trust.

3.6
Death Taxes - Statutory Provisions With Marital Deduction
Exception: The deceased spouse directs the trustee to charge and
collect all federal death taxes for assets passing under this
trust, under the deceased spouse's will, and outside the deceased
spouse's trust or will from those persons sharing in the deceased
spouse's taxable estate in accordance with the California Probate
Code provisions for death tax apportionment and allocation.
However, as three exceptions, the deceased spouse directs the
trustee to pay from that portion of the trust estate not
constituting a federal estate tax marital deduction gift, without
apportionment among the beneficiaries, all federal death taxes
chargeable to (1) all transfers under the deceased spouse's will or
outside such will constituting federal estate tax marital deduction
qualified gifts, (2) any family allowance, and (3) any gift under
such will or outside such will designated as "free of all death
taxes." It is understood that such statutes provide that if a
beneficiary's gift contributes to the deceased spouse's taxable
estate, the beneficiary must pay a prorata share of the tax.
Further, the trustee and the executor shall charge and collect all
state death taxes in the same manner as the federal death taxes and
not as probate administration expenses. To the extent other assets
are available, the trustee shall not use any qualified retirement
plan distribution excluded from federal estate tax under the
Internal Revenue Code to pay taxes, debts, or other charges
enforceable against the deceased spouse's estate.

3.7
Revocation - Surviving Spouse's Trust: After the allocation of the
trust estate, the following provisions regarding revocation and
amendment shall apply:

(1) Surviving Spouse's Trust: The surviving spouse may revoke
and amend the Surviving Spouse's Trust subject to the
qualifications contained in Article 1.

END OF ARTICLE

ARTICLE 4
SURVIVING SPOUSE'S TRUST

4.1
Introduction: The trustee shall hold, administer, and distribute
all property allocated to the Surviving Spouse's Trust as follows:

6

12

**4.2**
Beneficiary – Surviving Spouse:    The beneficiary of this trust
shall be as follows:

> Income beneficiary   :  Surviving spouse
> Principal beneficiary:  Surviving spouse

**4.3**
Income – Broad Standard:   The trustee shall pay to or for the
income beneficiary as much of the net income as the trustee
considers necessary for the income beneficiary's health, education,
support, comfort, welfare, or happiness to maintain at a minimum
the income beneficiary's accustomed manner of living.   The trustee
shall add to principal any net income not so distributed.

**4.4**
Principal – Broad Standard:   If the trustee considers the income
insufficient, the trustee shall pay to or for the principal
beneficiary as much of the principal as is reasonably necessary for
the principal beneficiary's health, education, support, comfort,
welfare, or happiness to maintain at a minimum the principal
beneficiary's accustomed manner of living.

**4.5**
Guidelines – Other Sources, One Beneficiary:    In making
distributions, the trustee, in its reasonable discretion, may
consider any other income or resources of the beneficiary known to
the trustee and reasonably available.

**4.6**
Surviving Spouse's Lifetime Income and Principal General Power of
Appointment – Broad Standard:   At any time during the surviving
spouse's life, the trustee shall distribute all or any part of the
trust, including accrued income and undistributed income, to such
one or more persons and entities, including the surviving spouse or
the surviving spouse's estate, and on such terms and conditions,
outright, in trust, or by creating further powers of appointment,
as the surviving spouse shall request by an acknowledged document
that specifically refers to this power of appointment.

**4.7**
Surviving Spouse's Deathtime Income and Principal General Power of
Appointment:   On the death of the surviving spouse, the trustee
shall distribute the remainder, if any, of the trust, including
accrued income and undistributed income to such one or more persons
and entities, including the surviving spouse's estate, and on such
terms and conditions, either outright, in trust, or by creating
further powers of appointment as the surviving spouse shall appoint
by a valid instrument or lifetime document that was executed after
the deceased spouse's death and specifically refers to this power
of appointment.   If the surviving spouse does not effectively

appoint all the trust estate, the trustee shall distribute such property according to the distribution provisions below.

**4.8**
**Distribution – Outright to Settlors' Descendants, Surviving and Deceased Spouses' Collateral Heirs:** At the surviving spouse's death, the trustee shall distribute the remaining trust estate to the settlors' children in equal shares.

If any of the settlors' children should predecease the surviving spouse, then the trustee shall distribute that deceased child's share to the deceased child's issue by right of representation.

If any of the settlors' children should die and leave no descendants, then the trustee shall distribute the deceased child's share to the settlors' remaining children by right of representation.

If any beneficiary under this trust is under the age of 25 years at the death of the surviving spouse, the trustee shall hold each such beneficiary's share in a separate trust for the benefit of each beneficiary. From the interest and principal of said trust, the trustee shall pay to the beneficiary such sums as the trustee deems necessary for the beneficiary's health, education, and support to maintain the beneficiary's accustomed manner of living. Each beneficiary's share shall be distributed to the beneficiary upon his or her 25TH birthday. If any beneficiary should die prior to distribution of his or her trust, the trustee shall distribute said deceased beneficiary's share to the descendants of the beneficiary, by right of representation. If the beneficiary should die and leave no descendants, then his or her share shall be distributed to the settlors' descendants, by right of representation.

If none of the settlors' descendants exist upon the surviving spouse's demise, the trustee shall give half of the remainder to the deceased spouse's heirs and half to the surviving spouse's heirs, their identities and shares to be determined under California law in effect on the date of execution of this instrument relating to succession of separate property that was not acquired from a parent, grandparent, or previously deceased spouse.

**4.9**
**Spouse's Last Illness Expenses and Taxes:** At the surviving spouse's death, the trustee, in the trustee's reasonable discretion, may pay the expenses of the surviving spouse's last illness and funeral, other obligations incurred for the surviving spouse's support, and any estate or inheritance taxes arising by reason of the surviving spouse's death from either income or principal of this trust to the extent they have not been specifically appointed, unless other adequate provisions exist.

8

14

**4.10**
Death Taxes - Surviving Spouse's Will:    The surviving spouse directs the trustee and the surviving spouse's executor to charge and collect all federal death taxes for assets passing under the surviving spouse's will and outside the surviving spouse's will from those persons sharing in the federal taxable estate in accordance with the California Probate Code provisions for death tax apportionment and allocation.    Further, the surviving spouse directs the trustee to charge and collect all state death taxes in the same manner as the federal death taxes and not as probate administration expenses.    These tax directions shall not apply to any gifts passing under the surviving spouse's will or under this trust designated as "free of all death taxes," and the trustee shall pay all such death taxes from the remainder of the trust estate without apportionment among the beneficiaries.

**4.11**
Recovery of Additional Tax Under IRC Section 2207A - Discretionary With Trustee:    If the surviving spouse's taxable estate includes the value of property to which section 2044 of the Internal Revenue Code applies, the surviving spouse's executor and trustee shall have discretion to recover or not to recover from the person or persons receiving that property as much of the amount that the surviving spouse's estate is entitled to recover under section 2207A of the Internal Revenue Code as they consider appropriate.

END OF ARTICLE


ARTICLE 5
OFFICE OF TRUSTEE

**5.1**
Nomination of Trustees for All Trusts:    For all trusts under this instrument, the trustee and successor trustees shall be those persons named below.    Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

|  |  |  |
|---|---|---|
| Trustee | : | DAVID A. GONZALEZ OR |
|  |  | ELISA E. GONZALEZ, ACTING INDIVIDUALLY |
|  |  | OR JOINTLY AS CO-TRUSTEES |
| Successors |  |  |
| First | : | DAVID E. GONZALEZ, |
|  |  | ALICIA A. VALDEZ AND |
|  |  | DELIA E. MODEROW AS CO-TRUSTEES |

**5.2**
Compensation for Trustee - Reasonable:    The trustee may pay itself reasonable compensation from the trust estate during each calendar year for all ordinary services and reasonable additional

9

15

compensation for any extraordinary services, all without court order. If the trustee serves for a part of a calendar year, the annual compensation shall be prorated.

5.3
Employment of Consultants - General: The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, or any other agents or advisers to assist the trustee in the administration of this trust and may rely on the advice given by these agents. The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion determines. These payments shall not decrease the compensation to which the trustee is entitled.

5.4
Exculpatory Clause - All Trustees: No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence.

5.5
Waiver of Liability for Predecessor Trustee: Any successor trustee may accept as correct any accounting of trust assets made by any predecessor trustee. However, a successor trustee may institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

5.6
Bond - Waiver: No trustee, including a nonresident, shall be required to post bond or security.

5.7
Retain or Abandon Property: The trustee shall have the power to retain any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

5.8
Unproductive Property: Except when specifically restricted, the trustee shall have the power to retain, purchase, or otherwise acquire unproductive property.

5.9
Sell, Exchange, Repair: The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

5.10
Lease: The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any

10

16

purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

5.11

Investments - General Power:  The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

5.12

Securities:  The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

5.13

Investment Funds:  The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment companies, including any under the control of any investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

5.14

Nominee's Name:  The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

5.15

Insurance:  The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

**5.16**
Loan: The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and with or without security as the trustee deems advisable.

**5.17**
Borrow - General: The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and a co-owner of trust property.

**5.18**
Private Accounting: The trustee shall periodically, but not less than once each year, render an account of its administration of the trusts to all of the current income and current principal beneficiaries who are then adults. The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting. To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests. Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

**5.19**
Principal and Income - Act Governs: The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. When this instrument or such Act does not provide, the trustee, in the trustee's reasonable discretion, shall determine the characterization.

**5.20**
Depreciation Reserve - Mandatory: The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

**5.21**
Undistributed Income: Income accrued or unpaid on trust property when received into the trust shall be treated as any other income. Income accrued or held undistributed by the trustee at the

18

termination of any trust or any interest in a trust created under this instrument, other than any trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it. Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

5.22

Expense Allocation - Proration: The trustee shall prorate on a daily basis all taxes and current expenses among successive beneficiaries over the period to which they relate.

5.23

Tax Consequences - Adjustment: The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

5.24

Multiple Trusts - No Physical Division: If more than one trust is held under this instrument, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts. However, the trustee shall keep separate accounts for the separate undivided interests, and the trust may hold undivided interests in the same assets.

5.25

Death Taxes of Beneficiary - Authority To Pay: The trustee, in the trustee's discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax). However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

5.26

Beneficiary's Last Illness and Funeral Expenses: The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

19

5.27
Distributions - Consideration of Basis of Assets:   In making nonprorata distributions to beneficiaries, the trustee shall consider and attempt to equalize, as far as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries.   Any such determination by the trustee shall bind all parties in interest.

5.28
Distribution - Broad Powers:   When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata.   Also, the trustee may make such sales of the trust property as the trustee deems necessary to accommodate such distributions.

5.29
Small Trust Termination - Trustee Discretion:   The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer.   The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as provided by law.   On such distribution and delivery, the trust shall terminate.   The trustee shall not be liable or responsible to any person for its action nor for its failure or refusal at any time to terminate the trust as authorized in this paragraph.

END OF ARTICLE


ARTICLE 6
CONTEST, DISINHERITANCE, DEFINITIONS

6.1
No Contest - Contestant Disinherited:   If any beneficiary under this declaration of trust ("trust") or any legal heir of settlors or any person claiming under any of them shall contest the settlors' last will ("will") or this declaration of trust, or shall seek to impair or invalidate any of the provisions of the will or this trust, or shall conspire with or voluntarily assist anyone attempting to do any of those things, then in that event the settlors specifically disinherit such contesting person and all interests given to such contesting person under the will and this trust shall be forfeited and shall be disposed of in the same manner provided in both the will and the trust as if that

14

20

contesting person had predeceased the settlor without issue. The trustee is authorized to defend any contest against this declaration of trust or any of its provisions, and to pay the expenses of the defense from the trust estate.

6.2
Survivorship Requirement: For all gifts under this instrument, the beneficiary must survive the donor-settlor for sixty (60) days before entitlement to such gifts.

6.3
Trustee Powers Survive: All of the trustee's powers, duties, and immunities shall continue after termination of any trust until the trustee has made actual distribution of the trust estate.

6.4
Definitions - Trust:  As used in this instrument, the terms are defined as follows:

"Descendants" shall mean lineal descendants in any degree of the ancestor designated and shall include persons adopted during minority.

"Brothers and sisters" shall include half-brothers and half-sisters if those persons are lineal descendants of the settlor.

"Trust," "trusts," and "trust estate" shall be interpreted in the singular or plural as the context indicates.

"Corporate trustee" shall mean a trust company or a bank with trust powers authorized to act within the United States.

"Education expenses" shall include the cost of elementary, secondary, college, university, postgraduate study, seminars, individual or independent research or study, and travel or foreign study.  The trustee may also consider the beneficiary's related living expenses to the extent they are reasonable.

"Death taxes" shall include federal, foreign, state, and local estate and inheritance taxes, including penalties and interest, but not generation-skipping or special use valuation recapture taxes or marital deduction qualified terminable interest attribution.

"Disclaimer" or "qualified disclaimer" has the same meaning that "qualified disclaimer" has under the Internal Revenue Code and supporting regulations.

21

The masculine, feminine, or neuter gender and the singular or plural number shall each include the others whenever the context indicates.

"Beneficiary's other resources" shall include the beneficiary's employable skills and a third party's support obligations.

"Primary beneficiary" is a beneficiary whose interests and needs the trustee shall consider to be paramount over the other designated beneficiaries in the class.

Clause headings are for reading convenience and shall be disregarded when construing this instrument.

END OF ARTICLE

ARTICLE 7
EXECUTION AND ACKNOWLEDGMENT

7.1
Signature Clause – Settlors: The settlors certify that the settlors have read the foregoing Declaration of Trust and that it correctly states the terms and conditions under which the trustee is to hold, manage, and distribute the trust estate. The settlors approve the Declaration of Trust in all particulars and request that the trustee sign it.

Dated: 8-23-91

x _David J. Gonzalez_
Settlor

_Elisa E. Gonzalez_
Settlor

The trustee accepts this appointment.

Dated: 8-23-91

x _David Gonzalez_
Trustee

_Elisa E. Gonzalez_
Trustee

The settlors' attorney approves this Declaration of Trust.

Dated: 8 23 - 91

_M Lynn Hurst_
Attorney for settlors

16

7.2
Acknowledgment for Settlors:

## ACKNOWLEDGMENT FOR SETTLORS

COUNTY OF _Los Angeles_ )
STATE OF CALIFORNIA )

On _August 23, 1991_, before me, the undersigned, a Notary
Public for this State, personally appeared DAVID A. GONZALEZ AND
ELISA E. GONZALEZ ~~personally known to me~~ or proved to me on the
basis of satisfactory evidence to be the settlors of the trust
created by this instrument and to be the persons whose names are
subscribed to this instrument and who acknowledged its signing as
the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

_Brenda J. Robles_
Notary Public



OFFICIAL SEAL
Brenda J. Robles
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm Expires Feb. 3, 1995

7.3
Acknowledgment for Trustee:

## ACKNOWLEDGMENT FOR TRUSTEE

COUNTY OF _Los Angeles_ )
STATE OF CALIFORNIA )

On _August 23, 1991_, before me, the undersigned, a Notary Public
for this State, personally appeared DAVID A. GONZALEZ AND ELISA E.
GONZALEZ ~~personally known to me~~ or proved to me on the basis of
satisfactory evidence to be the trustee of the trust created by
this instrument and to be the person whose name is subscribed to
this instrument and who acknowledged its signing as trustee.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

_Brenda J. Robles_
Notary Public

OFFICIAL SEAL
Brenda J. Robles
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm Expires Feb. 3, 1995

17

23

# Exhibit "2"

## 91-1374285

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

MR. AND MRS. GONZALEZ
16009 E. Las Vecinas Dr.
La Puente, Ca 91744

(Mail tax statements to same as above)



RECORDED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

21  MIN.  3  P.M. AUG 30 1991
    PAST.

FEE $

### QUITCLAIM DEED

The undersigned quitclaimer(s) declare(s):  Documentary transfer tax is **NONE**.
No consideration given - change in formal title only - see note #1 below.

FOR NO CONSIDERATION, **DAVID A. GONZALEZ AND ELISA E. GONZALEZ**, husband and
wife, the undersigned grantor(s), hereby **REMISE(S), RELEASE(S) and QUITCLAIM(S) TO:**

**DAVID A. GONZALEZ OR ELISA E. GONZALEZ, TRUSTEES OF THE GONZALEZ FAMILY
TRUST DATED ___8-23-91___, AS COMMUNITY PROPERTY,**

their interest in the following described real property in the County of Los Angeles, State of California:

    SEE EXHIBIT "A" ATTACHED

**NOTE #1:**   Conveyance transferring quitclaimers' interest into a revocable living trust.  This
conveyance transfers Quitclaimers' interest into their revocable living trust which is not pursuant to a sale
and is exempt pursuant to Rev. & Tax Code Section 11911.

**NOTE #2:**   Quitclaimer(s) are the same person(s) as Trustee(s).  This conveyance is to a revocable
trust and pursuant to Rev. & Tax Code Section 62(d)(2), does **not** constitute a change of ownership and
does **not** subject the property to reassessment.

Assessor's Parcel No.          8212 003 014

More commonly described as:    662 Sunset Ave., La Puente, Ca

DATED: _8-23-91_                    _David D Gonzalez_
                                    DAVID A. GONZALEZ

                                    _Elisa E. Gonzalez_
                                    ELISA E. GONZALEZ

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF LOS ANGELES)

On this _23rd_ day of _August_, 19_91_, before me, the undersigned, a Notary Public in and for said State,
personally appeared DAVID A. GONZALEZ AND ELISA E. GONZALEZ, personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person_S_ whose name_S_ _are_ subscribed to the within instrument, and
acknowledged to me that _They_ executed it.

WITNESS my hand and official seal.

_Brenda J. Robles_
Notary Public in and for the State
of California

OFFICIAL SEAL
Brenda J. Robles
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Feb 3, 1995

### EXHIBIT "A"

PARCEL 1.  The Southwesterly 224.09 feet of the Northeasterly
550.23 feet of Lot 405, of Tract No. 606, in the County of Los
Angeles, State of California, as per map recorded in Book 15 Pages
142 and 143 of Maps, in the office of the County Recorder of said
County.

PARCEL 2.  Also an undivided two-fifteenth interest in that portion
of said Lot 405, described as follows:
     Beginning at the most Northerly corner of said Lot 405; thence
Easterly along the Northerly line thereof, 93 feet; thence at right
angles Southerly parallel with the Westerly line of said Lot, a
distance of 12.5 feet to the true point of beginning; thence
Southerly and in the same direction 11 feet; thence at right angles
Easterly parallel with the Northerly line of said Lot, a distance
of 42 feet; thence Northerly parallel with the Westerly line of
said Lot, a distance of 11 feet; thence at right angles Westerly 42
feet to the true point of beginning.

**91-1374285**

Exhibit "3"

**91-1374286**

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

MR. AND MRS. DAVID A. GONZALEZ
16009 E. Las Vecinas Dr
La Puente, CA 91744

(Mail tax statements to same as above)

RECORDED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

21 MIN.   3 P.M. AUG 26 1991
PAST.

FEE
$5

## QUITCLAIM DEED

The undersigned quitclaimer(s) declare(s):  Documentary transfer tax is **NONE**.
No consideration given - change in formal title only - see note #1 below.

FOR NO CONSIDERATION, DAVID A. GONZALEZ AND ELISA E. GONZALEZ, Husband and
Wife, as Joint Tenants, the undersigned grantor(s), hereby REMISE(S), RELEASE(S) AND
QUITCLAIM(S) TO:

DAVID A. GONZALEZ OR ELISA E. GONZALEZ, TRUSTEES OF THE GONZALEZ FAMILY
TRUST DATED _____8-23-91_____, AS COMMUNITY PROPERTY,

the following described real property in the County of Los Angeles, State of California:

    Lot No. 18 of Tract No. 15037, as per Map recorded in Book 347, Page 30 and 31 of
    Maps, records of said County.

NOTE #1:   *Conveyance transferring quitclaimers' interest into a revocable living trust.*  This
conveyance transfers Quitclaimers' interest into their revocable living trust which is not pursuant to a sale
and is exempt pursuant to Rev. & Tax Code Section 11911.

NOTE #2:   *Quitclaimer(s) are the same person(s) as Trustee(s).*  This conveyance is to a revocable
trust and pursuant to Rev. & Tax Code Section 62(d)(2), does not constitute a change of ownership and
does not subject the property to reassessment.

Assessor's Parcel No.            8247 005 010

More commonly described as:      16009 Las Vecinas Dr., La Puente, CA

DATED: 8-23-91

_David A. Gonzalez_
DAVID A. GONZALEZ

_Elisa E. Gonzalez_
ELISA E. GONZALEZ

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF LOS ANGELES)

On this 23rd day of August , 1991 , before me, the undersigned, a Notary Public in and for said State,
personally appeared DAVID A. GONZALEZ and ELISA E. GONZALEZ, personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person5 whose name5 are subscribed to the within instrument, and
acknowledged to me that they executed it.

WITNESS my hand and official seal.

_Brenda J. Robles_
Notary Public in and for the State
of California

OFFICIAL SEAL
Brenda J. Robles
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Feb 3, 1995





Order: QuickView-  Doc: 1991 1374286 REC ALL                    Page 1 of 1                    Created By:    Printed: 8/26/2016 9:53:09 AM

Exhibit "4"

## AMENDMENT NUMBER ONE
### TO THE GONZALEZ FAMILY TRUST DATED AUGUST 23, 1991.

I, ELISA E. GONZALEZ, surviving trustors, confirm the **GONZALEZ FAMILY TRUST dated AUGUST 23, 1991.**

I hereby amend Section **1.2 of ARTICLE 1 and Section 5.1 of ARTICLE 5** to delete the successor trustees named therein and appoint the following successor trustees:

First Successor Trustee:        ALICIA A. VALDEZ, DELIA E. MODEROW
                                AND LINDA N. MONTES AS COTRUSTEES

I hereby amend **Section 4.8 of ARTICLE 4** to delete DAVID E. GONZALEZ and his issue as a beneficiary of this trust and direct the trustee to distribute the remaining trust estate in equal shares to the settlors' remaining children, ALICIA A. VALDEZ, LILLIA G. BROWN, DELIA E. MODEROW, LINDA N. MONTES and STEPHEN E. GONZALEZ, in equal shares, by right of representation. The remaining provisions of Section 4.8 shall remain in full force and effect.

DATED: *Aug. 17 - 1999*

*Elisa E. Gonzalez*
ELISA E. GONZALEZ

27

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES)

On this ___1 7th___ day of ___Aug.___, 19 _94_ before me, the undersigned, a Notary
Public in and for said State, personally appeared ELISA E. GONZALEZ,

☐ personally known to me — or
☒ proved to me on the basis of satisfactory evidence to be the settlor(s)/trustor(s) of the trust
created on AUGUST 23, 1991 and to be the person(s) whose name(s) is/are subscribed to this
instrument (**AMENDMENT NUMBER ONE TO THE GONZALEZ FAMILY TRUST
DATED AUGUST 23, 1991**) and who acknowledged to me that she executed same in her
capacity, and that by her signature on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public in and for the State
    of California

> Christine Cannon
> Comm. #1123155
> NOTARY PUBLIC · CALIFORNIA
> LOS ANGELES COUNTY
> Comm. Exp. March 17, 2001

CAPACITY CLAIMED BY SIGNER:    ☐    INDIVIDUAL
                               ☐    CORPORATE _____
                                    OFFICERS _____
                                                  Title(s)
                               ☐    PARTNER(S)
                               ☐    ATTORNEY-IN-FACT
                               ☐    TRUSTEE(S)
                               ☐    GUARDIAN/CONSERVATOR
                               ☐    OTHER:_____
                                    _____

SIGNER IS REPRESENTING:
(Name of Person(s) or Entity(ies):

_____

28

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John P. Pringle, SBN 072300<br>Toan B. Chung, SBN 276505<br>ROQUEMORE, PRINGLE & MOORE, INC.<br>6055 E. Washington Blvd., Suite 500<br>Los Angeles, CA 90040-2466<br>Tel No. (323) 724-3117<br>Fax No. (323) 724-5410<br>tbchung@rpmlaw.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>LINDA N. MONTES,<br><br><br><br><br>Debtor(s). | CASE NO.: 6:16-bk-14802-WJ<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| CHARLES W. DAFF, CHAPTER 7 BANKUPTCY TRUSTEE of Linda N. Montes,<br><br><br>Plaintiff(s)<br><br>Versus<br><br>LINDA N. MONTES, et. al.<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
|---|---|
| Time: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _____ | ☒ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

29.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                Page 2                        F 7004-1.SUMMONS.ADV.PROC

30

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____        _____
*Date*                      *Printed Name*                   *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                              Page 3                    **F 7004-1.SUMMONS.ADV.PROC**

51

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Charles W. Daff, Chapter 7 Trustee | DEFENDANTS<br>Linda N. Montes |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Roquemore, Pringle & Moore, Inc.<br>Toan B. Chung<br>6055 E. Washington Blvd., Ste. 500<br>Los Angeles, California 90040<br>Telephone: (323) 724-3117 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to 1.) Authorize Sale of Property Owned in Part by Non-Debtors and 2.) For Turnover of Estate's Property

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☒ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☒ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability – §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case -- 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

32.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Linda N. Montes | BANKRUPTCY CASE NO.<br>6:16-bk-14802-WJ | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Wayne Johnson | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>11/16/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Toan B. Chung, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.